U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC - 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RANDY MINGO | : | DOCKET NO. 2:06 CV 1914 |
| VS. | : | JUDGE MINALDI |
| MERITPLAN INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Standing under Rule 12(b)(1) and/or a Motion for Partial Summary Judgment under Rule 56, filed by the defendant Meritplan Insurance Company ("Meritplan") [doc. 25]. The plaintiff, Randy Mingo, filed an opposition [doc. 27].

## FACTS

Mingo filed suit for breach of contract against the defendant, Balboa Insurance Company ("Balboa"). Mingo is seeking damages based on the bad faith breach of contract, statutory penalties, and attorneys' fees under LA. REV. STAT. ANN. §§ 22:658 & 22:1220 and LA. CIV. CODE ANN. § 1997. Mingo alleges that his property suffered wind damage from Hurricane Rita and that Balboa failed to fully pay for repairs under the terms of an insurance policy issued by Balboa. Balboa removed the suit to the United States District Court for the Western District of Louisiana in October 2006 based on diversity jurisdiction.[1] Meritplan was substituted as the

---

[1] Removal Order [doc. 7].

1

defendant in June 2007, and Balboa was dismissed.[2]

The insurance policy was issued as a lender's protection policy.[3] Meritplan issued the policy to the named insured, Fairbanks Capital Corp, Select Portfolio Services ("SPS").[4] SPS is Mingo's mortgage lender.[5] The insurance contract states, in relevant part:

> Meritplan...agrees to indemnify the Named Insured for any amount which the Insured may be entitled to recover as respects existing mortgages for which the required insurance policies have not been delivered to the insured on or before the expiration or cancellation date of the existing insurance. The mortgagor of the property covered hereunder, hereinafter referred to as the "Borrower," shall be considered an additional insured as respects any residual amounts of insurance over and above the insurable interest of the insured in said property. Both Insured and Borrower are jointly and severally liable for any premium.[6]

The maximum amount of coverage for the plaintiff's property under the Wind Policy is $170,000.[7]

On October 3, 2005, SPS tendered a claim for wind damage to Mingo's property as a result of Hurricane Rita, which was assigned to a claims adjuster.[8] Around January 25, 2006, Meritplan paid SRS $11,882.39 for damage to Mingo's property.[9] Meritplan assigned the claim to a claims examiner and an independent adjuster for evaluation on October 7, 2006.[10]

---

[2] Agreed Order Substituting Proper Party in Interest [doc. 17].

[3] Def. Ex. B-1 (wind policy).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Def.'s Ex. B-2 (claim file)

[8] *Id.*

[9] *Id.*

[10] *Id.*

Mingo filed suit on September 25, 2006. On November 14, 2006, Meritplan issued a supplemental check to SPS for $7,255.96 for payment of Mingo's wind claim, which SPS allegedly forwarded to Mingo to repair his property.[11]

## RULE 12(B)(1) STANDARD

A motion to dismiss for lack of standing is properly brought under F. R. CIV. PRO. 12(b)(1). *Harrison v. Safeco Ins. Co. of Am.*, 2007 WL 1244268, at *3 (E.D. La. Jan. 26, 2007). The party asserting lack of jurisdiction bears the burden of proof. *Id.* Motions to dismiss under Rule 12(b)(1) are evaluated under the same standard as motions to dismiss pursuant to FED. R. CIV. PRO. 12(b)(6); accordingly, "the court may not dismiss a claim unless it appears certain that the 'plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief.'" *Id.* (quoting *United States v. City of New Orleans*, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003)).

In evaluating a 12(b)(1) motion, the court must accept the plaintiff's allegations as true; however, dismissal is appropriate when the complaint lacks an element necessary to obtain relief. *Id.* Ordinarily, a court may not consider extrinsic evidence in a motion to dismiss, or else the motion is converted to a motion for summary judgment pursuant to Rule 56. *Id.* at *4. When an attached exhibit is referenced in the pleadings and is essential to the plaintiff's claim, the exhibit becomes part of the pleadings and may be properly considered in a 12(b)(1) motion. *Id.* (finding that a lender-placed policy was part of the pleadings because it was referenced in the plaintiff's complaint). Because Mingo referenced the insurance policy in his complaint, this court may properly consider the policy in evaluating Meritplan's Motion to Dismiss.

---

[11] *Id.*

3

## MOTION TO DISMISS UNDER RULE 12(B)(1)

Meritplan filed this motion to dismiss Mingo's complaint under Rule 12(b)(1) for lack of standing to sue. Meritplan argues that Mingo lacks standing because Mingo is not a named or additional insured under the policy for purposes of this claim because the amount of covered loss as determined by Meritplan's independent adjuster was clearly less than the outstanding balance of Mingo's loan. Meritplan acknowledges, however, that Mingo becomes an additional named insured when the amount of damages exceeds the outstanding balance of Mingo's loan, up to the amount of the policy. Mingo argues that he has standing because the policy lists him as an additional named insured.

A party has standing to sue over an insurance contract when the person is a party to the insurance contract, a direct beneficiary, or a third-party beneficiary of the insurance contract. *Harrison*, 2007 WL 1244268, at *4. The named insured in this policy is SRS. Thus, if Mingo has standing, it must arise under his status as an additional insured or a third-party beneficiary. If a contract clearly expressed the intent of the parties, it must be enforced as written. *Graphia v. Balboa Ins. Co.*, 2007 WL 2903250, at *2 (E.D. La. Sept. 28, 2007). Meritplan's insurance policy is unambiguous.

In *Graphia*, the lender procured a policy on its borrower's home, and the policy provided that the borrower would be considered as an additional insured for any residual amounts. *Id.* at *3. In *Graphia*, the policy limit was $132,000 and the balance of the loan was $132,000.09, according to the insurance company, and $110,000, according to the plaintiff. *Id.* The plaintiff claimed $56,542.91 in damages, which was far less than either accounting of the loan balance. *Id.* Thus, the court found that there were no residual amounts of insurance and dismissed

4

Graphia for lack of standing to sue under the policy. *Id.*

Similarly, the insurance policy clearly states that Mingo is an additional insured as to any residual amounts of insurance over and above the insurable interests of SRS in the property. It is unclear from the pleadings–and the exhibits that are incorporated by reference into the pleadings–the amount of the outstanding balance of Mingo's loan. It is further unclear from the pleadings and exhibits what amount Mingo claims in damages. Mingo's affidavits submitted with his Motion in Opposition indicate that he is suing for "constructive total loss," which would cost approximately $400,000-$460,000.[12] Thus, this court cannot say that Mingo clearly has no insurable interest.

Meritplan also argues that Mingo lacks standing because Mingo is not a third-party beneficiary under the policy. In Louisiana, "a contract for the benefit of a third party is commonly referred to as a stipulation *pour autrui*." *Graphia*, 2007 WL 2903250, at *3. There are three requirements to create a stipulation *pour autrui*: "1.) the stipulation for a third party is manifestly clear; 2.) there is certainty as to the benefit provided the third party; and 3.) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id.* at *4. In an insurance contract, the proper method to include a stipulation *pour autrui* is to name the third party as an additional insured. *Harrison*, 2007 WL 1244268, at *5.

In *Graphia*, the court found that the stipulation for a third party was manifestly clear because the contract intended to benefit Graphia, but only to the extent she had an insurable interest in the policy. *Id.* The court also held that the contract did not intend to give Graphia personal rights because the policy clearly excluded coverages that typical homeowner's insurance

---

[12] Pl.'s Ex. 3.

5

contracts cover. *Id.* Furthermore, the court held that even though the contract required Graphia to fulfill some duties, such as immediately reporting loss, these duties did not convert her to a named insured or third-party beneficiary. *Id.*

Meritplan similarly limited Mingo's status as an additional insured to situations in which the adjusted covered loss exceeds the amount of the mortgage up to the policy limits. Mingo and Meritplan dispute the amount of loss, and the amount of the mortgage is unclear from the pleadings; thus this court cannot say that Mingo lacks standing. Accordingly, Meritplan's Motion to Dismiss for Lack of Standing is denied.

## MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

Mingo requests a continuance on the ruling for Meritplan's Motion for Summary Judgment so he can depose his expert witnesses, Charles Norman, P.E., and Jeff Kudla, AIA. To his motion in opposition, Mingo attached reports from both of these experts while noting that the reports are not proper summary judgment evidence. The reports indicate that both experts found that the damage to Mingo's house from Hurricane Rita resulted in a "total constructive loss,"[13] which differs dramatically from Meritplan's independent adjusters' conclusions. The depositions are scheduled for December 11, 2007.[14]

Because the experts' valuation of loss is at the crux of this lawsuit, the motion for summary judgment is continued. Mingo shall have ten (10) days from the receipt of the deposition transcripts to file a supplemental motion in opposition. Meritplan shall then have ten (10) days from the filing of Mingo's supplemental motion to file its reply memorandum.

---

[13] Pl.'s Exs. 2 & 3.

[14] Pl.'s Ex. 4.

Lake Charles, Louisiana, this \_\_\_4\_\_\_ day of Nov \_\_\_\_, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE