UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDY MINGO** | : | **CIVIL ACTION NO. 2:06-CV-1914** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BALBOA INSURANCE COMPANY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are a Motion to Remand filed December 27, 2007, by plaintiff [Doc. 37] and plaintiff's Motion to Amend/Correct Complaint filed January 10, 2008 [Doc. 41]. Ordinarily a request to amend the pleadings would be ruled upon directly by the magistrate judge pursuant to the authority granted under 28 U.S.C. § 636(b)(1)(A) and L.R. 73.1M&W, obviating the need for a report and recommendation. However, recognizing that common issues of fact and law inform the analysis, and given that the Motion to Remand preceded the Motion to Amend, the undersigned issues this Report and Recommendation providing a suggested disposition of both.

**BACKGROUND**

Plaintiff Randy Mingo owned a home but apparently allowed his homeowner's insurance to lapse. Therefore, his mortgage company, Select Portfolio Servicing, Inc. (SPS), purchased coverage in the amount of $170,000 from Meritplan Insurance Company.[1] Under the terms of the insurance contract, Plaintiff becomes an additional insured when claims exceed the balance of the mortgage, up to the policy limit.

---

[1] On June 29, 2007, Meritplan was substituted as the real party in interest and Balboa was dismissed as defendant. [Doc. 17].

On or about September 24, 2005, Plaintiff's home was damaged by Hurricane Rita. On October 3, 2005, SPS submitted a claim under the Wind Policy for wind damage to the Plaintiff's property as a result of Hurricane Rita. The maximum amount of coverage for the property under the Wind Damage policy is $170,000. To date, Meritplan has paid more than $19,000 to SPS, which in turn gave the money to Plaintiff to offset the cost of repairs to the home. Meritplan obtained a non-itemized estimate in the amount of $37,700. The Plaintiff also provided the report from a public adjuster, who estimated the loss at $127,263.75.

On September 21, 2006, Plaintiff filed a Petition for Damages for Breach of Contract against Balboa Insurance Company in 14th Judicial District Court, Calcasieu Parish, Louisiana, seeking damages for breach of contract, statutory penalties, and attorneys' fees. In the complaint, Plaintiff alleges that Defendant refused to fully pay for repairs to the home. Defendant timely removed the case to U.S. District Court on October 24, 2006, on the basis of diversity jurisdiction.

In May 2007, Plaintiff obtained a Road Home grant in the amount of $150,000. In October 2007, Plaintiff obtained an expert opinion that evaluated the home as a total loss with damages in excess of $400,000.

The parties exchanged written discovery and took depositions. Thereafter, Defendant filed a Motion for Partial Summary Judgment and/or Motion to Dismiss. The Motion to Dismiss was denied on December 4, 2007 by District Judge Patricia Minaldi.

On December 27, 2007, Plaintiff filed a Motion to Remand, asserting that the Louisiana Office of Community Development (OCD), which administers the Road Home program, should be joined as a necessary party. The district court issued a stay as to Defendant's Motion for Partial Summary Judgment pending resolution of the motion to remand. Shortly thereafter, on

January 10, 2008, Plaintiff filed a Motion for Leave to File Supplemental and Amending Complaint in which he sought to add the State of Louisiana as defendant, and sought a declaration that Plaintiff owes no money to the OCD under the terms of the Limited Subrogation/Assignment Agreement ("Assignment Agreement") he executed for OCD when he accepted Road Home funds.  Plaintiff's Motion to Amend includes a prayer for a jury trial.

For reasons set forth below the undersigned recommends that both motions be DENIED.

## LAW AND ANALYSIS

*Plaintiff's Motion to Remand*

Motions to remand to are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *Hazelton v. Union Pacific Railroad Co.*, 497 F. Supp. 2d 800, 802 (W.D. La. 2007).  In order to determine whether federal jurisdiction is proper, a court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).  The well-pleaded complaint rule generally means that "[f]ederal courts consider what necessarily appears in plaintiff's statement of his or her claim, unaided by anything alleged in anticipation or avoidance of defenses defendant may impose." *Adriatic Marine, L.L.C. v. C & C Boat Works, L.L.C.*, Slip Copy, 2007 WL 3046104, *3 - *4, (E.D.La. 2007) (citing 2B-5 Honorable David Hittner, et al., *Practice Guide: Federal Civil Procedure Before Trial* (5th Cir.)).

Plaintiff argues in support of its motion to remand that Defendant has stipulated to the fact that OCD is a necessary and indispensible party. Plaintiff cites Defendant's Pretrial Statement, which argues that "Road Home, or the Office of Community Development, which administers the program, is a necessary and indispensible party." [Doc. 35, § 2, ¶ 3]. Plaintiff extrapolates from this that Defendant wants OCD joined as a defendant. By implication, Plaintiff contends that the statements in Defendant's pretrial statement are stipulations with binding effect. Although the next step in Plaintiff's logical argument is not made explicit, Plaintiff implies that, because OCD is a citizen of Louisiana, joinder would defeat diversity.

Defendant denies that its Pretrial Statement constitutes a stipulation. To the extent that Defendant asserted that OCD is a necessary or indispensible party, Defendant now repudiates that assertion. Defendant explains that, at the time of filing the pretrial statement, Defendant had only belatedly discovered the existence of Plaintiff's Road Home grant. Defendant suggests that it was, in essence, speculating about potential motions yet to be filed when it argued that OCD is an indispensible party in the portion of its Pretrial Statement entitled "Additional Pleadings to be Filed Before Trial." Furthermore, Defendant observes that it made no similar mention of OCD in that portion of the Pretrial Statement entitled "Stipulations." [Doc 35, § 10]. In addition, Defendant cites *Matter of HECI Exploration Co., Inc.*, 862 F.2d 513, 521 (5th Cir. 1988) and contends that parties cannot stipulate to issues of law or mixed questions of fact and law. Finally, Defendant observes that sovereign state is not a "citizen" for purposes of diversity jurisdiction and therefore, even if the court were to join OCD (an arm of the state of Louisiana), diversity would not be destroyed.

Under 28 USC § 1447(e), a district court has the discretion to allow joinder of a nondiverse party after removal from state court, and remand the case. In this case, the State of

Louisiana can be joined without defeating diversity because a state is not a "citizen." Louisiana may have an 11th Amendment right not to litigate in federal court, but that issue is not before the court.[2] The more important question—whether OCD is a necessary part—is complicated by the fact that the insurance contract at issue is a contract between Defendant Meritplan and non-party SPS. The parties have failed to brief the issue of whether OCD, as the *subrogee of a potential third-party beneficiary*, can be considered a necessary party.

The undersigned finds Plaintiff's argument unpersuasive. The undersigned agrees with Defendant that the parties cannot stipulate to questions of law. *See United States v. John J. Felin & Co.*, 334 U.S. 624, 640, 68 S.Ct. 1238, 1246, 92 L.Ed. 1614 (1948) (stating that court will disregard parties' stipulation as to "facts," even if accepted and applied by court below, "if the stipulation obviously forecloses real questions of law"); *King v. U.S.*, 641 F.2d 253, 258 (5th Cir. 1981) ("A court is not bound by the parties' stipulations of law, particularly when those stipulations are erroneous"). Furthermore, the undersigned concludes that Defendant is not bound by its arguments in the "Additional Pleadings to be Filed Before Trial" section of the Pretrial Statement, especially in light of the fact that Plaintiff did not inform Defendant of the Road Home grant until shortly before the Pretrial Statement was due. Therefore, considering the pleadings as filed, the undersigned finds that this Court has jurisdiction and recommends that the motion to remand be DENIED.

*Plaintiff's Motion to Amend*

Once a responsive pleading has been filed, a plaintiff may not amend his original complaint except with consent of the opposing party or leave of court, which leave "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Factors to be considered when considering a request to amend include undue delay, bad faith or dilatory motive on the part of

---

[2] As far as the record reveals, OCD has not asserted an interest in this case.

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). When the requested amendment will result in joinder of non-diverse defendants, thereby destroying diversity jurisdiction, the court should scrutinize that amendment more closely than an ordinary amendment. *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987). The parties have not briefed the issue of whether the *Hensgens* analysis applies to an 11th Amendment threat to federal jurisdiction as may be at issue here, but the undersigned concludes that the same rationale applies because the Fifth Circuit insofar as "the court's decision will determine the continuance of its jurisdiction." *Id*.

In his memorandum in support of the motion to amend, Plaintiff argues that, because Defendant's pretrial statement asserts that OCD is a necessary party and because Plaintiff accepted $150,000 from Road Home, the Court should grant leave to amend to add OCD as a co-defendant. [Doc. 42]. In addition, the proposed amended pleading seeks a declaration of "OCD's rights to any recovery in this matter" because OCD "might have a lien on Plaintiff's recovery." *Id*. Plaintiff, however, advances no argument in support of his amended request for a jury trial. *Id*.

Defendant argues that the very language of Plaintiff's motion reveals a transparent intent to defeat diversity. Proposed additional paragraph 11 claims that "OCD is an indispensible party" [Doc. 42] and therefore, because adding an indispensible party would require a remand, Defendant contends that Plaintiff's motive is clear. Furthermore, Defendant cites *Ascension Enterpr, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 361 (M.D. La. 1997) and argues that 28 U.S.C. § 1367(b) prohibits district courts from exercising supplemental jurisdiction over claims

by plaintiffs against entities proposed to be joined as parties in a case if to do so would defeat diversity jurisdiction.

In addition, Defendant argues that Plaintiff was dilatory because Plaintiff had all the information needed regarding OCD at or about the time of filing of the initial complaint.  In support of that contention, Defendant argues that Plaintiff obtained his Road Home grant in May of 2007, more than six months in advance of the motion to amend.  Defendant also contends that Plaintiff will not be injured by a denial of the motion to amend because Plaintiff's rights and obligations regarding OCD are described in the subrogation agreement and would be unaffected by the eventual outcome of the litigation against Defendant.

As regards the prayer for a jury trial, Defendant contends that F.R.C.P. Rule 38 and L.S.A.-R.A. §13:5105 preclude the Court from granting Plaintiff a jury trial at this late date.  Defendant contends that it would be prejudiced if the Court granted a jury trial now because Defendant would have conducted discovery differently in anticipation of a jury trial.

Finally, Defendant argues that the Court should refuse to hear Plaintiff's plea for declaratory relief against OCD because the state has not yet intervened in this case.  Defendant cites *Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd.* for the proposition that "Rule 19(a)(2) [mandatory joinder of absent parties] only applies when the absent party asserts the interest."  2008 WL 152119, *2 (W.D.La., 2008) (citing *U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)).

Applying the *Foman* factors, the undersigned finds evidence of undue delay and dilatory motive on the part of Plaintiff and further finds that Plaintiff's motive in seeking joinder is to defeat diversity.   Plaintiff obtained a Road Home grant six months before filing these motions

yet Plaintiff waited until four weeks before trial[3] to file the motion to remand; the motion to amend came two weeks later. In addition, Plaintiff has provided almost no argument and absolutely no authority for his theory that the subrogee of a potential third-party beneficiary is a necessary and indispensible party.

Moreover, this court must apply heightened scrutiny to any amendment that "will determine the continuance of its jurisdiction." The *Hensgens* court identified four factors to consider:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
(2) whether plaintiff has been dilatory in asking for amendment;
(3) whether plaintiff will be significantly injured if amendment is not allowed; and
(4) any other factors bearing on the equities.

*Id*.

In making its evaluation, a court is to "balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id*. Here, the facts weigh against the grant of Plaintiff's motion. Plaintiff's legitimate interest seeking a declaration as to OCD's rights and obligations is offset by the language of the proposed amendments that reveals an intent to defeat diversity. Plaintiff was dilatory in moving to amend six months after receiving his Road Home grant. Defendants would be prejudiced by the change to a jury trial after the bulk of discovery has been concluded. In addition, there is no suggestion that Plaintiff would be required to file a separate lawsuit against OCD in order to completely vindicate his rights. The undersigned finds no equities in favor of leave to amend.

Accordingly, it is recommended that the Motion to Amend be DENIED.

---

[3] Before it was upset by the filing of these motions, trial was scheduled to begin January 23, 2008.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Lake Charles, Louisiana, this 14 April 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE